USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/10/2014

MEMO ENDORSED

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
212 416-8856

ERIC T. SCHNEIDERMAN
Attorney General

DIVISION OF SOCIAL JUSTICE
Labor Bureau

Pre-motion Conference scheduled for March 20, 2014 at 11:30am. Opposing counsel to state position in writing (not to exceed 3 pages) by March 13, 2014. Clerk of the Court respectfully requested to terminate this motion (doc. #5).
Dated: Feb. 10, 2014
White Plains, NY

SO ORDERED:

2/10/14

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

February 7, 2014

Via ECF and Fax (914-390-4179)

Hon. Nelson S. Roman, U.S.D.J.
U.S. District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Pascazi v. Rivera*, # 13-cv-9029 (NSR)

Dear Judge Roman:

I represent the defendant New York Commissioner of Labor ("Commissioner"), and write on his behalf to request a pre-motion conference concerning his intended motion to dismiss the Complaint. The Complaint seeks a declaration that New York Labor Law § 220-b(2)(g), a provision of New York's prevailing wage law (Labor Law §§ 220 and 220-b), violates the due process clauses of the federal and New York Constitutions, and to have the Commissioner's enforcement of § 220-b(2)(g) enjoined.

Labor Law § 220 requires that employees of public work contractors be paid a "prevailing rate" determined by the Commissioner, who enforces the statute and heads the New York State Department of Labor ("DOL"). The statute implements Art. 1 § 17 of the New York Constitution, which also requires that employees of public work contractors be paid the prevailing rate. If the Commissioner, and New York courts if there is an appeal, make a final determination following an evidentiary hearing that a contractor violated the law by failing to pay its workers the required rate, § 220-b(2)(g) also creates personal monetary liability for (a) the contractor's five largest shareholders and (b) any corporate officer who knowingly participated in the violation. *See* § 220-b(2)(g)(iii).

Plaintiff Michael S. Pascazi was the 50% shareholder and president of Fiber Optek Interconnect Corp. ("Fiber Optek"), a public work contractor determined to have willfully violated the prevailing wage law by underpaying workers and falsifying payroll records on seven public work projects. *See Pascazi v. Gardner*, 106 A.D.3d 1143 (3d Dep't), *app. dismissed for want of debatable question*, 21 N.Y.3d 1057 (2013), *lv. to app. denied*, 2013 N.Y. LEXIS 3305 (Dec. 12, 2013). Over a seven-year period, Pascazi filed numerous unsuccessful lawsuits in numerous courts, including this one, to enjoin the DOL from conducting an evidentiary hearing concerning Fiber Optek compliance with the prevailing wage law, even though §§ 220(8) and 220-b(2)(c) provide for and require that type of hearing. Pascazi relied on numerous legal

U.S. Dist. Ct., S.D.N.Y. Docket # 03-CV-7374 (Oct. 16, 2003) (Judge Brieant dismissed Pascazi's suit based on Federal Telecommunications Act preemption); *Fiber Optek and Pascazi v. Commissioner*, Sup. Ct., Dutchess Cty. Docket # 2942/2003) (July 9, 2004) (Justice Sproat denied Pascazi's request for a state-law writ of prohibition); *Pascazi v. Angello*, U.S. App. LEXIS 23386 (2d Cir., Oct. 4, 2007) (affirming, on *res judicata* grounds, Judge Robinson's dismissal of Pascazi's due process claims); *Pascazi v. DOL (In re Fiber Optek)*, U.S. Dist. Ct., S.D.N.Y. Docket # 09-CV-8827 (Sept. 28, 2010) (Judge Seibel denied Pascazi's claim that the DOL hearing violated the automatic bankruptcy stay).

On November 7, 2011, following 23 hearing days, the Commissioner's Determination & Order ("Determination") found that Fiber Optek willfully violated the prevailing wage law on seven public work projects, including underpaying workers and falsifying records. Pascazi appeared at every hearing, actively defending both himself and Fiber Optek. The Determination found he owned 50% of Fiber Optek's shares at all relevant times, was among its five largest shareholders, was its president, and was personally told by the DOL that a work classification Fiber Optek used was improper; Fiber Optek "disregarded that advice." The Determination stated:

> "Pascazi alleges that he did not personally willfully violate Article 8 or engage in records falsification. As he, at all relevant times, was one of the five top shareholders… , he is subject to debarment under Labor Law § 220-b(3(b)(1) in his capacity as a shareholder, regardless whether he knowingly participated in the violations. Were it necessary to find willful participation, I note that Mr. Pascazi was the corporate officer of Fiber Optek when the Bureau specifically advised that electrician rates were the proper rates to be paid…."

Pascazi appealed on numerous grounds. The Appellate Division affirmed and the New York Court of Appeals dismissed his subsequent appeal. *Pascazi v. Gardner*, *supra*, 106 A.D.3d 1143, *app. dismissed*, 21 N.Y.3d 1057.

Pascazi now claims that § 220-b(2)(g), which renders him individually liable under that final determination, violates due process because, he claims, he could not have raised various constitutional and other arguments against his personal liability during the DOL proceeding and state-court Article 78 appeal. *See, e.g.*, Complaint ¶ 37. Pascazi, in fact, did previously raise many of these arguments in the appeal (as well as the administrative proceeding); in any event, nothing about § 220-b(2)(g) prevented him from doing so. *See, e.g.*, *Solnick v. Whalen*, 49 N.Y.2d 224, 231-2 (1980) (constitutional claims can be presented in an Article 78 challenge to a determination about an individual); *Press v. County of Monroe*, 50 N.Y.2d 695, 701-703 (1980). Due process requires an opportunity to present arguments, which Pascazi clearly had in the Article 78 proceeding, if not earlier; it is not, as he would prefer, a ban on statutes imposing shareholder liability.

Pascazi claims § 220-b(2)(g) violates due process by not requiring "that the purported [sic][1] shareholder has in any way engaged in any wrongful conduct." Complaint ¶ 45. However,

---

[1] As ¶ 40 of the Complaint acknowledges, § 220-b(2)(g)(iii) specifically permits a party to contest liability, even after a final determination, on the basis that he is not, in fact, a top five shareholder. Pascazi does not dispute that he was Fiber Optek's 50% owner.

limitation of shareholder liability as well as any exceptions to limited liability are matters of state law. *See generally, e.g., Albradco, Inc. v. Bevona*, 982 F.2d 82 (2d Cir. 1992) (plaintiff could enforce New York Business Corporation Law § 630 imposing personal liability for corporate employees' unpaid wages on corporation's ten largest shareholders). Even assuming that a large shareholder indeed did not personally engage in wrongful conflict, due process does not outlaw strict-liability statutes, or limit statutory liability to active personal misconduct. *See generally, e.g., Bedford Affiliates v. Sills*, 156 F.3d 416, 419 (2d Cir. 1998) ("To be innocent in a CERCLA response cost suit, one must be innocent in the eyes of the law. To be ignorant... may be a generic form of innocence, but not the kind that will escape liability").

The bulk of a monetary award under the prevailing wage law is for wages earned by workers, plus interest -- money long since owed and payable to workers, which to the extent not so paid by a corporation, by definition has inured to the wrongful benefit of the corporation's shareholders. There is nothing unfair or unconstitutional in a state statute making them liable. In any event, Pascazi did engage in wrongful conduct. The Determination, affirmed when Pascazi appealed, specifically found that he was Fiber Optek's president, knew a rate it paid was improper, and "[w]ere it necessary to [so] find," would be found to have willfully participated.

Labor Law § 220-b(2)(g)(iii) imposes liability not only on shareholders, but also on corporate officers who knowingly participate in violations. Even assuming *arguendo* that an innocent shareholder could challenge § 220-b(2)(g) liability, Pascazi has no basis to do so. Similarly, claims that due process somehow means that Fiber Optek's bankruptcy ends Pascazi's own statutory liability (*e.g.*, Complaint ¶¶ 8-9, 11-15, 37(B), 38) are especially unfounded in a case in which Pascazi himself put Fiber Optek in bankruptcy. *See In re Fiber Optek*, 2010 Bankr. LEXIS 5007, *1 (Bankr. S.D.N.Y.) (noting that Pascazi, his wife and father were the three petitioning creditors, with Pascazi's own claim "about 90% of the combined value of the[ir] claims"), *aff'd*, 445 B.R. 124 (S.D.N.Y. 2011).

The Commissioner reserves his right to assert additional bases for dismissal, but believes that these more than suffice. We therefore request a pre-motion conference pursuant to Rule 3.A.ii of your Individual Practices in Civil Cases.

Respectfully submitted,

Seth Kupferberg (SK-4511)
Assistant Attorney General

c: Michael S. Pascazi, Esq. (via ECF and fax - 845-468-7117)