UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
MICHAEL S. PASCAZI,

                Plaintiff,

      -against-                                13-cv-9029 (NSR)

                                                        OPINION & ORDER

PETER M. RIVERA in his official capacity as
NEW YORK STATE COMMISSIONER OF
LABOR,

                Defendant.
----------------------------------------------------------------- X

NELSON S. ROMÁN, United States District Judge

      Attorney Michael S. Pascazi ("Plaintiff") moves for reconsideration and reargument of this Court's Opinion and Order of February 6, 2015 (the "Order"; ECF No. 26), which granted Defendant Peter M. Rivera, New York State Commissioner of Labor's (the "Commissioner") motion to dismiss on the grounds of res judicata and failure to state a claim upon which relief may be granted. In its motion for reconsideration and/or reargument, Plaintiff asserts the Court overlooked factual matters and controlling case law which might reasonably be expected to have led to a different ruling had they been considered. The Court assumes familiarity with the facts of the case and the substance of the Motion to Dismiss Opinion. For the following reasons, the motion for reconsideration and reargument is DENIED.

## STANDARD ON A MOTION TO RECONSIDER

      Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard for granting a reconsideration motion is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). These motions are "addressed to the sound

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/2015

discretion of the district court...." *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991).  Reconsideration is appropriate when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). Parties should not regard such a motion as an opportunity to "tak[e] a 'second bite at the apple....'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly . . . ." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted). The motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012) (internal citation omitted); *accord Analytical Surveys*, 684 F.3d at 52.

## DISCUSSION

Plaintiff's motion presents nothing new for the Court to consider.  Instead, Plaintiff recycles the same legal arguments contained in his complaint.  Plaintiff has not presented the Court with an intervening change in law or new evidence, and therefore this Court will not reconsider its prior opinion.

Plaintiff alleges that he was not afforded the full measure of relief available in the Article 78 proceeding because he was not able to raise a constitutional challenge to a legislative enactment. (*See* Pl.'s Mot. Recons. at 2.)  As this Court previously held, "[i]ndividuals who bring Article 78 proceedings to challenge determinations against them are free to raise constitutional

claims in such proceedings." *Pascazi v. Rivera*, No. 13-cv-9029, 2015 WL 845839, at *8–9 (S.D.N.Y. 2015). Plaintiff's assertion that he "was not able to litigate in the Article 78 proceeding his claims challenging legislative enactments" is misleading. While it may be true that a petitioner seeking to facially challenge the validity of legislation may not use an Article 78 proceeding for that purpose,[1] Plaintiff was free to raise constitutional arguments *as a defense* against enforcement of an administrative determination. *Id.*

Plaintiff's arguments that (i) res judicata cannot apply to claims that arose after the commencement of administrative hearings and (ii) the challenge to New York Labor Law § 220-b(2)(g) was not ripe for adjudication because it was unclear whether the Commissioner would enforce the judgments against Pascazi blatantly restate arguments that Plaintiff already made in his opposition to the motion to dismiss and that were specifically addressed in the Court's Order. *See Pascazi,* 2015 WL 845839, at *6–9. Plaintiff has not brought to the Court's attention any overlooked or relevant matters or data which would alter the conclusion previously reached. With regards to point (ii), Plaintiff argues that the Court "mistakenly concluded that the only avenue available to satisfy the determination would be enforcement against Fiber Optek's owners" and, because Fiber Optek was not bankrupt at the time of the initial administrative proceedings, Plaintiff should not have known he was liable for the judgment. (Pl.'s Mot. Recons. at 4-5.) Not so. Section 220-b(2)(g) clearly states that, in the event of a company's failure to pay a money judgment, the largest five shareholders can be held liable for such judgment, and Pascazi acknowledged to this Court that he understood the operative section of the law. (*See*

---

[1] Plaintiff plainly misapplies the relevant case law in this instance. Plaintiff cites to *Kovarsky v. Hous. & Dev. Admin. of City of New York*, 31 N.Y.2d 184, 191, 286 N.E.2d 882 (1972) for the assertion that an Article 78 proceeding is "not the proper vehicle to test the constitutionality of legislative enactments." In fact, *Kovarsky* holds that "an [A]rticle 78 proceeding is generally the proper vehicle to determine whether a statute, ordinance, or regulation has been *applied* in an unconstitutional manner." *Id.* (emphasis added). Plaintiff blatantly failed to provide the entirety of the relevant language in *Kovarsky*, presumably in an attempt to mislead the court.

Premotion Conf. Tr., ECF No. 10, at 23–24.) Thus, Pascazi knew or should have known that he *could* be held personally liable for restitution and statutory interest imposed by the Determinations, regardless of whether Fiber Optek was solvent or bankrupt.

The remaining claims in Plaintiff's motion to amend similarly attempt to carefully recraft arguments that have already been addressed by this Court. As such, the Court will not entertain further analysis of these claims.

In sum, Plaintiff has raised no new issues for the Court's consideration that might reasonably be expected to alter its prior opinion. The arguments advanced by Plaintiff are flatly contradicted by applicable law. Accordingly, the Court declines to vacate its prior order of dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully requested to terminate the motion at Docket No. 27.

Dated:  October 1, 2015        SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge